In the Matter of LYNN H. CISCO, Petitioner, v. JOHN F. MCALEVEY et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to review a determination of the Police Commissioner of the Town of Ramapo, dated February 2, 1971 and made after a hearing, (1) finding petitioner guilty of certain charges and (2) ruling that petitioner resigned from the Town of

Ramapo Police Department as of April 16, 1969 and accepting the resignation as of that date. Determination annulled, with costs, on the law, and petitioner is reinstated as a patrolman, as of May 6, 1969, but with his right to back pay, less interim earnings, relegated to a separate action. The evidence adduced at the departmental hearing is totally insufficient to support the findings of the hearing officer that petitioner (1) was absent without leave and explanation from his position as a patrolman for more than 10 days during two specified periods, (2) refused to obey a lawful command of his superior officers, (3) resigned from his position as patrolman by being absent, without leave and explanation, for more than 10 days during two specified periods; and (4) failed to discharge the duties of his office properly and maintain the standards of conduct required of him. The record reveals that, while on duty, petitioner was in a motor vehicle accident on November 7, 1968 and suffered *inter alia* a concussion, acute sacroiliac strain and acute cervical strain. In December of 1968 and on January 13, 1969 he advised Police Chief Miele that his doctor was of the opinion that he could return to his regular duties and that he (petitioner) was anxious to do so. Although he expressed a reluctance to accept an assignment to desk duty, the evidence is totally insufficient to sustain the finding that Chief Miele and Captain Pugliese had ordered him to report for such duty and that he had refused to obey such commands. In fact, approximately two weeks after petitioner expressed such reluctance, Miele and Pugliese directed him to report to the Police Surgeon for a physical examination, because they were of the opinion that he still was not ready to go back to work. On January 30, 1969, the Police Surgeon advised Miele by letter that petitioner should not return to full active police duty until May, 1969 but that he could return to light duty as of February 3, 1969. Although Miele asserted he wanted to assign petitioner to the desk because the latter was still suffering from the effects of the accident, Miele admitted he had no such thing as "light duty" open at the time. The record also reveals that between January 13, 1969 and May 6, 1969 Miele asserted on more than one occasion that he would not reinstate petitioner to his position unless ordered to do so either by the Police Commissioner or a court of competent jurisdiction. In view of the above and from other facts elicited at the hearing, we are of the opinion that the removal of petitioner from the Town of Ramapo police force by the Commissioner at the instance of Chief Miele was arbitrary and capricious and constituted a total abuse of discretion. We have also noted that the wife of the hearing officer was an employee in the Town Attorney's office and that the Town Attorney was the prosecuting attorney in this matter. This we think was in error and ought not to have occurred and certainly should not be repeated. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.